SAMUEL, Judge.
On August 27, 1965 the litigants herein entered into a standard written contract whereby plaintiffs agreed to purchase and defendants agreed to sell certain residential property located in the City of New Orleans for the sum of $20,300. The contract contained a provision whereby the vendors agreed to repair and paint the ceiling in the downstairs kitchen. On September 9, 1965 Hurricane Betsy damaged the property. The act of sale was executed on October 22, 1965. After moving into the premises the following week plaintiffs discovered water damage to the interior, leaks in the roof of the main house and the fact that a tin roof over an outdoor shed and a large metal exterior awning had been blown away and not replaced.
Plaintiffs then filed this suit for $1,158, the amount they claimed was necessary to repair the damages to the premises. After trial there was judgment in favor of plaintiffs in the amount prayed. Defendants have appealed. In this court they contend: (1) plaintiffs knew of the damages at the time of the act of sale and therefore are *721 not entitled to any recovery; and, alternatively, (2) the amount of the award is excessive.
With regard to the first contention appellants argue that because plaintiffs were aware of the damages at the time they executed the act of sale they accepted the property in its damaged condition at the sale price and therefore cannot have that price diminished following passage of the act, citing particularly Civil Code Article 2455, which provides:
“If, at the moment of the sale, the thing sold is totally destroyed, the sale is null; if there is only a part of the thing destroyed, the purchaser has the choice, either to abandon the sale, or to retain the preserved part, by having the price thereof determined by appraisement.” LSA-C.C. Art. 2455.
The contention is without merit basically for the reason that the essential facts are not as argued by defendants. Following the hurricane plaintiffs, through Mrs. Reff, made several attempts to inspect the property, particularly the interior of the house, by calling one of the defendants, Mrs. Co-meaux, to arrange for such an inspection. Mrs. Comeaux was difficult to reach; but in one conversation between the two ladies Mrs. Comeaux informed Mrs. Reff only slight damage had been caused by the hurricane and all of it had been repaired. Mrs. Reff testified she trusted and believed Mrs. Comeaux; they were from the same home town. Thus, plaintiffs were not afforded an opportunity to inspect the premises until after the act of sale had been passed. (While there is some conflict in the testimony on the point under discussion, it is clear the trial court concluded, as we do, that the facts are as just stated.) The awning in question was located on the side of the house and the shed from which the roof had been blown was in the back yard. The record does not establish that plaintiffs could have observed the condition of those items without going on the property and they never received permission to do so.
Defendants made incomplete repairs to the kitchen and, although they received $365 from their insurer for hurricane damages, they made only temporary repairs to the roof of the house. Other damages, to sheetrock walls in the interior of the residence caused by leaks in the roof and the missing awning and tin roof, were not repaired or replaced even on a temporary basis.
It is clear plaintiffs did not accept the property in its damaged condition at the time the sale was passed. They could not do so for the simple reason they did not know the damaged condition existed at that time. As a result of the misrepresentations on the part of defendants, plaintiffs believed all of the damages had been repaired. The quoted Civil Code Article 2455 can be applied when the purchasers enter into a completed sale unaware of a partial destruction of the object of the sale. See XXV La.L.Rev. 569 and authorities therein cited.
In our opinion plaintiffs are entitled to the relief they seek relative to hurricane damages on the basis of LSA-C.C. Arts. 2455 and 2541, the latter being authority for reduction of price as a result of vices of the thing sold which give rise to the redhibitory action. Insofar as the kitchen ceiling is concerned, having failed to repair and paint the kitchen ceiling as required by their contractual obligation, defendants clearly are liable to plaintiffs in the amount required to have such repair and painting done.
We also conclude appellants’ alternative contention, that the amount awarded is excessive, is without merit. They argue plaintiffs have not established by a preponderance of the evidence that the alleged hurricane damages complained of took place prior to the passage of the act of sale or were in fact caused by the hurricane and, although admittedly some dam- *722 lowed by defendants’ insurer for repair age was caused by the storm, the $365 al-thereof properly reflects the extent of those damages and the award should be limited to that amount.
Our review of the entire record convinces us, as a consideration of the testimony convinced the trial judge, that plaintiffs have established the storm damages of which they complain were caused by Hurricane Betsy, which took place prior to the passage of the act of sale. The amount paid by defendants’ insurer certainly is not binding on the plaintiffs who were not party thereto and that settlement has little or no probative value insofar as actual cost of repairing storm damages is concerned.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.